

ATTORNEYS AT LAW

1700 Broadway
New York, NY 10019
T 212.765.2100
F 212.765.8954
spivaklipton.com

October 30, 2020

**BY ECF & EMAIL David_C_Gonzalez@nysd.uscourts.gov**

Hon. Paul A. Crotty
United States District Court
500 Pearl Street, Chambers 1350
New York, NY 10007

Re: <u>United States v. Salvatore Tagliaferro and John DeFalco,</u> 19-CR-00472 (PAC)

Dear Judge Crotty:

This firm represents the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council" or the "Union"), which is a third-party. We write to respond briefly to Defendant Salvatore Tagliaferro's letter to your honor filed earlier today (ECF Dkt. 92) regarding the District Council's and Tagliaferro's being unable to reach an agreement on the District Council's motion to quash the non-party subpoena seeking files of the District Council's Inspector General ("IG") (the "Subpoena"). A copy of the original Subpoena is annexed as Exhibit A of the our letter-motion to quash (ECF Dkt 82).

For the reasons provided in our letter-motion to quash and as explained here, the Subpoena as originally served or as now modified by Tagliaferro should be quashed.

Tagliaferro acknowledges that the Subpoena as he has now modified it seeks <u>Brady</u> material from the District Council. But the District Council and its IG are under no <u>Brady</u> obligations. Further, the District Council and its IG have neither the obligation nor the wherewithal to evaluate "intent" or "motive" with respect to the IG's documents.

We understand that the government had essentially no documents from the District Council save approximately 750 pages that it has already produced to the Defendants out of a total production of approximately two million pages it has produced as discussed at the September 17, 2019 conference with the Court. We understand that those District Council documents consisted of copies of the District Council's Bylaws, other governing documents, Tagliaferro's Union employment and related records regarding Union supplied automobiles and electronic devices, and background material on individuals who allegedly supplied false employment letters to Local Union 926. That is because the government appears not to have relied materially upon anything done by the IG. Rather, the IG referred the matter of the alleged sale of memberships into Local Union 926 to the Court-appointed Independent Monitor (Glen G. McGorty) and his team, which then did their own investigation and referred the matter to the government for its investigation and the eventual indictments.

Production of IG documents sought here under Criminal Rule 17 based under the protections afforded in past civil litigation under Rule 26 of the Federal Rules of Civil Procedure would be misguided. That is because Criminal Rule 17 concerns admissible evidence at trial while Civil Rule 26 is much broader, allowing for discovery of information not admissible at trial.

In any event, if production is ordered it should be in accordance with the protections and procedures in the civil lawsuits Terrence Moore, as Trustee, et al. v. Navillus Tile, Inc. et al., 14 Cr. 8326 (CM) (JLC), Doc. No. 82 at 1-2 ¶¶ 2-3, 2 ¶ 5 (SDNY March 12, 2015); Creative Constr. Servs. Corp. v. District Council of NYC & Vicinity of the United Bhd. Of Carpenters, 14 Cv. 7629 (AKH), Doc. No. 44 at 4-5 (SDNY Oct. 11, 2016). Any documents would be marked "Confidential, Attorneys' Eyes Only" with "redactions of confidential sources, investigators, and the like." Terrence Moore, at 1 ¶ 2. The documents in hard copy would then be made available for review by attorneys for Defendant(s) and the government at the offices of Spivak Lipton LLP in midtown Manhattan. Id at 1 ¶ 1. The parties would then discuss the use of any documents that a reviewing attorney would want to use at trial.

Respectfully submitted,

SPIVAK LIPTON LLP
Attorneys for the District Council
of New York City and Vicinity
of the United Brotherhood of Carpenters
and Joiners of America

BY:    /s/ James M. Murphy
      James M. Murphy
      Gillian Costello
      Nicholas J. Johnson

cc:    **BY EMAIL gmcgorty@crowell.com**
      Glen G. McGorty, Esq.
      Independent Monitor
      United States v. District Council, et al., 90-CV-5722 (VM) (S.D.N.Y.)
      Crowell & Moring LLP
      590 Madison Avenue, 20th Floor
      New York, NY 10022
      212-223-4000

**BY ECF & EMAIL**
Michael K. Bachrach, Esq.
Attorney for Salvatore Tagliaferro
224 West 30th Street, Suite 302
New York, NY 10001
212-929-0592

Richard H. Rosenberg, Attorney At Law
Attorney for Salvatore Tagliaferro
217 Broadway Suite 707
New York, NY 1000
212-586-3838

Thomas McKay, Esq.
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office
1 St. Andrew's Plaza
New York, NY 10007
212-637-2268

Jarrod Lee Schaeffer, Esq.
Assistant United States Attorney
Criminal Division
United States Attorney's Office,
1 St. Andrew's Plaza
New York, NY 10007
212-637-2200