

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 30, 2020

**By ECF**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Tagliaferro, et al.*, **19 Cr. 472 (PAC)**

Dear Judge Crotty:

      The Government writes respectfully in connection with the letter filed by defendant Tagliaferro concerning litigation over his third-party subpoena to the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council").

      At the outset, the Government notes that it is not a party to that dispute, and it takes no position with respect to the defendant's subpoena. This letter is submitted solely for the purposes of (*i*) correcting a misstatement by Tagliaferro's counsel and (*ii*) noting the Government's objection to the defendant's alternative proposal to compel the Government to receive the District Council's files, review those files on behalf of the defense, and produce any documents purportedly helpful to the defense.

      *First*, Tagliaferro's counsel's suggestion that "the Government has received *absolutely no documents* from the IG" is incorrect. (ECF No. 92 at 2 (emphasis in original).) To the extent "the IG" refers generally to the District Council, the Government previously obtained – and produced in discovery – documents from the District Council pursuant to its own subpoena. Additionally, the Government has, during the course of this investigation, periodically received documents from the union's monitor and office of the inspector general, which have been or will be produced sufficiently in advance of trial; these documents in the Government's possession do not, however, appear to implicate the categories of information set forth in Tagliaferro's most recent articulation of his request. (*See* ECF No. 92 at 1–2.)

      *Second*, the Government respectfully notes its objection to the defendant's suggestion that "this Court could direct the District Council to disclose all of its files, or at least all those files discussing Defendant Tagliaferro, *to the Government*, thereby placing the onus on the Government to evaluate the material consistent with its indisputable obligations under *Brady* and its progeny." (ECF No. 92 at 3 (emphasis in original).) The defendant does not cite – and the Government is

not aware of – any authority permitting a defendant to compel the Government to conduct portions of the defense's independent investigation by receiving, reviewing, and producing documents that are not in its possession, custody, or control.

In any event, the defendant's argument misses the point by seeking to "plac[e] the onus on the Government" to review the documents he has subpoenaed. The litigation between the defendant and the District Council concerns whether the District Council should be required to produce certain categories of documents in this case – a determination that implicates, at a minimum, the business, confidentiality, and resource considerations of the District Council, which considerations the Government is poorly positioned to evaluate. As noted above, the Government takes no position on the resolution of that question.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney
Southern District of New York

By:      /s/
Thomas A. McKay / Jarrod L. Schaeffer
Assistant United States Attorneys
Tel: (212) 637-2268 / 2270

cc: Counsel of Record (via ECF)